FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 2005 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DIAONA JONES,

              Petitioner,

   - against -

UNITED STATES OF AMERICA,

             Respondent.
----------------------------------------X

00 CV 4829 (SJ)

MEMORANDUM
and ORDER

MAIL TO:

Diaona Jones
#54064-053
Federal Prison Camp
Pembroke St., Rt. 37
Danbury, CT 06811
Petitioner *Pro Se*

ROSLYNN MAUSKOPF
OFFICE OF THE U.S. ATTORNEY
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201
Attorney for Respondent
By:    Paul Schoeman

JOHNSON, Senior District Judge:

    Diaona Jones ("Petitioner") brings this motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. In 1999, a jury convicted Petitioner of conspiracy to import cocaine, conspiracy to possess with intent to distribute cocaine, and aiding and abetting the importation of cocaine (Counts One, Two, and Three of the Indictment, respectively).[1] Petitioner was sentenced, in part, to concurrent terms of imprisonment of 78 months on each

---

[1] Petitioner was acquitted of attempting to possess with intent to distribute cocaine (Count Four of the Indictment).

1

count of conviction. Petitioner now claims that her sentence is erroneous because: (1) it violates the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000); and (2) the Court improperly applied an enhancement for perjury in calculating her Sentencing Guideline range.

According to the Bureau of Prisons, Petitioner was released from custody on May 27, 2004. Release from custody does not necessarily render a 28 U.S.C. § 2255 petition moot, if a petitioner asserts a "collateral consequence" of a conviction, meaning "some concrete and continuing injury other than the now-ended incarceration or parole." Swaby v. Ashcroft, 357 F.3d 156, 160 (2d Cir. 2004) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998). However, where the only relief sought by a petitioner is release from incarceration and the petitioner has been released, with the result that the Court can no longer provide the relief sought in the petition, the petition must be dismissed as moot. See, e.g., Davis v. U.S., 2004 WL 1488371, *3 (S.D.N.Y. Jul. 1, 2004). In this case, Petitioner has only challenged the length of her sentence, not the fact of her conviction or any other factor that could give rise to a collateral consequence, and therefore the petition must be DISMISSED due to Petitioner's subsequent release from custody.

Respondent is directed to attempt to obtain a current mailing address for Petitioner and to serve this Order upon Petitioner.

SO ORDERED.

Dated: August 8, 2005
Brooklyn, New York

s/SJ
Senior U.S.D.J.

2

P-049